UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:08CV-179-R

**LARRY ERNEST WRIGHT** *et al.*                                                                                    **PLAINTIFFS**

**v.**

**JON HAYDEN** *et al.*                                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Four *pro se* plaintiffs: 1) Larry Ernest Wright; 2) Richard Allen Gribble; 3) Charles Joseph Sharp; and 4) Joshua Bruce Reynolds initiated this civil action under 42 U.S.C. § 1983. All four of the plaintiffs were incarcerated at the time that they initiated this action. The complaint is before the Court for initial screening under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons explained below, the Court will dismiss the complaint for failure to state a claim upon which relief can be granted.

### I. SUMMARY OF CLAIMS

Plaintiffs were previously incarcerated together in the Eighth Pod at the McCracken County Jail. Thirteen other inmates were also incarcerated in the Eighth Pod. On or about August 21, 2008, Inmate G.E. was placed in the Eighth Pod. After approximately four days, Inmate G.E. informed the other inmates of the Eighth Pod that he was infected with the HIV virus and had been for the past ten years. Inmate G.E. told Plaintiffs that he had informed jail and medical staff about his HIV infection before he was placed in the Eighth Pod. Plaintiffs allege that during the first four days that Inmate G.E. was in the Eighth Pod they shared food and drink with him unwittingly exposing themselves to the HIV virus.

After Inmate G.E. informed Plaintiffs about his HIV infection, Plaintiffs and seven other inmates filed grievances with the jail. As a result, all of the residents of the Eighth Pod were brought before Officer Craig Garrison, Dr. Smock, and a nurse for an educational meeting. At

this meeting, Plaintiffs were told that they could not contract HIV from eating and drinking after Inmate G.E. They were also told that they could even "safely kiss Inmate G.E. on the mouth." Plaintiffs claim, however, that under "institutional and CDC guidelines" Inmate G.E. should have been housed separately. Plaintiffs allege that after twelve days of being housed in the Eighth Pod with them, Inmate G.E. was removed on September 2, 2008, and placed in an isolation cell.

Plaintiffs have sued Sheriff Jon Hayden, Chief Jailer Bill Adams, the McCracken County Jail, and Southern Health Partners. Each Defendant is sued in both his individual and official capacities. Plaintiffs allege that Defendants violated their constitutional right to be free from cruel and unusual punishment by placing Inmate G.E. in their pod thereby exposing them to a risk of contracting a serious illness. They are seeking one million dollars each in compensatory damages and periodic HIV testing for the next five years.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. The United States Supreme Court has identified two elements in a *prima facie* § 1983 claim: (1) a deprivation of a federal right; and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Prison conditions will not violate the Constitution unless they involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347-48. Where a prisoner alleges he suffered injuries that stem from conditions of confinement, prison officials may be held liable only if they act with deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "An Eighth Amendment claim may be premised on deliberate indifference to exposing an inmate to an unreasonable risk of serious harm in the future." *Dodson v. Wilkinson*, No. 06-4136, 2008 U.S. App. LEXIS 26369 at *10 (6th Cir. Dec. 24, 2008) (citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). "A claim of deliberate indifference to future serious harm requires proof of both the objective and subjective elements of an Eighth Amendment claim." *Id.* Courts interpreting *Helling* have held that inmates can state an Eighth Amendment claim for confinement in a cell with an inmate who has a serious contagious disease that is spread by airborne particles, such as tuberculosis. *See Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998) (acknowledging that prisoner could state Eighth Amendment claim for confinement in same cell as inmate with serious contagious disease, but rejecting claim in this case because prisoner had not shown that inmates with active infectious tuberculosis were double-celled).

Courts have consistently held, however, that mere confinement in the same cell as an HIV-positive inmate by itself does not violate the Constitution because HIV is not spread by social contact.[1] *See Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1998) (holding that prison's

---

[1] The court takes judicial notice of the Centers for Disease Control and Prevention's guidelines for the transmission of HIV that state:

4

failure to segregate inmates with HIV/AIDS did not violate the Eighth Amendment); *Whitmore v. Trushenski*, No. 3:08-cv-00276-LRH-VPC, 2009 U.S. Dist LEXIS 3665 (D. Nev. Jan. 9, 2009) (holding that plaintiff who was placed in a cell with an HIV-positive inmate was not exposed to a serious risk of harm); *McGowan v. Cantrall*, No. 1:05-cv-334, 2007 U.S. Dist. LEXIS 64534 (E.D. Tenn. Aug. 30, 2007) (same); *Crocano v. Hudson County Corr. Ctr.*, No. 06-1441 (PGS), 2007 U.S. Dist. LEXIS 28857 (D.N.J. Apr. 18, 2007) (finding that housing an inmate in the same pod with an HIV/AIDS-infected inmate absent other circumstances is not a form of punishment and does not give rise to a violation under the Eighth Amendment).

Plaintiffs have failed to allege that they were harmed in any way or that they were subjected to a substantial risk of serious harm. That Plaintiffs believe that they were at risk of contracting HIV from Inmate G.E. merely by sharing a pod with him does not mean that Plaintiffs were subjected to a substantial risk of harm. Plaintiffs do not allege that Inmate G.E. had open wounds, attempted to have sexual contact with them, or took any actions to purposefully expose Plaintiffs to the HIV virus. Furthermore, Inmate G.E. was moved to a different cell after Plaintiffs and others filed grievances with the jail. Plaintiffs' allegations fail

---

HIV is spread by sexual contact with an infected person, by sharing needles and/or syringes (primarily for drug injection) with someone who is infected, or, less commonly (and now very rarely in countries where blood is screened for HIV antibodies), through transfusions of infected blood or blood clotting factors. Babies born to HIV-infected women may become infected before or during birth or through breast-feeding after birth.

http://www.cdc.gov/Hiv/resources/factsheets/transmission.htm. *See Seddens v. McGinnis*, No. 91-1500, 1992 U.S. App. LEXIS 17945 (7th Cir. July 24, 1992) (taking judicial notice of "recent federal publications stating that AIDS cannot be transmitted through non-sexual social contact").

to state a viable claim for violation of their constitutional rights, and their claims will be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiffs, *pro se*

4413.008